**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| VICTOR JOEL COOPER, SR., | ) |
| Petitioner, | ) |
| v. | ) Case No. 03-CV-0519-CVE-SAJ |
| MIKE MULLIN, Warden, | ) |
| Respondent. | ) |

**OPINION AND ORDER**

Before the Court is the petition for writ of habeas corpus (Dkt. # 1) filed by Petitioner, a state inmate appearing *pro se*. By Order filed August 7, 2003 (Dkt. # 3), the Court determined that because Petitioner challenges the administration of his sentence rather the validity of his conviction and sentence, this habeas corpus petition is properly adjudicated under 28 U.S.C. § 2241, rather than § 2254. Montez v. McKinna, 208 F.3d 862, 867 (10th Cir. 2000). Respondent filed a response (Dkt. # 6) to the petition. Petitioner filed a reply (Dkt. # 9) to the response. For the reasons discussed below, the Court finds the petition shall be denied.

*BACKGROUND*

At the time he filed his petition, Petitioner was in the custody of the Oklahoma Department of Corrections, serving sentences entered in Oklahoma and Tulsa Counties for convictions of Robbery With Firearms. In his petition, Petitioner alleges he was denied due process during a disciplinary proceeding at Dick Conner Correctional Center ("DCCC"). As a result of the proceeding, Petitioner was found guilty of Group Disruptive Behavior. He was placed in disciplinary segregation for thirty (30) days and lost 300 earned credits.

After exhausting administrative remedies, Petitioner filed a petition for writ of mandamus in Osage County District Court, Case No. CV-2002-393, on September 4, 2002. See Dkt. # 6, Ex. A. By order filed December 11, 2002 (Dkt. # 6, Ex. D), the state district court denied extraordinary relief. After being granted an appeal out of time, Petitioner perfected an appeal in the Oklahoma Court of Criminal Appeals ("OCCA"). He raised six (6) claims as follows:

(1) The petitioner was denied due process where the notice he received did not adequately describe the alleged offensive behavior and petitioner was deprived of a meaningful opportunity to prepare a defense.

(2) The failure to provide the petitioner the substance of the confidential witness testimony, in general terms, at least 24 hours prior to the hearing violated petitioner's right to due process of law.

(3) The petitioner was denied due process where the disciplinary hearing was not commenced within 72 hours of Petitioner's receipt of the offense report.

(4) The petitioner was denied due process where the disciplinary hearing officer failed to make an independent assessment of the confidential witness(es) reliability.

(5) The petitioner was denied due process when the disciplinary hearing officer failed to directly examine the so-called confidential witness(es) and the alleged victim or to call them before the chair when petitioner requested that he do so after presenting substantial evidence that their confidential testimony was both prefabricated and accepted in violation of Department inmate disciplinary procedures.

(6) The petitioner was denied due process when the disciplinary hearing officer failed to make an adequate statement of the evidence relied on and reasons for the disciplinary action.

(Dkt. # 6, Ex. E). By order filed July 23, 2003, in No. MA 2003-0709, the OCCA affirmed the denial of mandamus relief. See Dkt. # 6, Ex. F.

On August 5, 2003, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1). He asserts two (2) claims:

Ground 1: Petitioner was denied due process where the Offense Report failed to give sufficient notice as required by Wolff v. McDonnell, 418 U.S. 539 (1974).

      Ground 2:      Petitioner was denied due process where the Disciplinary Hearing Officer failed to make an adequate statement of the evidence relied on and reasons for the disciplinary action as required by Wolff.

(Dkt. # 1).

## *ANALYSIS*

A prisoner seeking relief under § 2241 must exhaust state remedies. Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000). The Court finds that Petitioner has satisfied the exhaustion requirement in this case. In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Michael Williams v. Taylor, 529 U.S. 420 (2000).

Because Petitioner's claims have already been adjudicated in state court, he is not entitled to federal habeas relief unless the state adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States . . . ." 28 U.S.C. § 2254(d); see also Preble v. Estep, 2006 WL 2212686 (10th Cir. Aug. 4, 2006) (unpublished opinion cited pursuant to 10th Cir. R. 36.3(B) for persuasive value) (applying § 2254(d) standard to § 2241 claims). After reviewing the record, the Court finds that Petitioner cannot satisfy the § 2254(d) standards. The Supreme Court has held that, with regard to prison disciplinary proceedings, due process demands only that there be "some evidence" to support the hearing officer's decision. Superintendent, Mass. Correctional Inst. v. Hill, 472 U.S. 445, 455 (1985). Petitioner cites to no Supreme Court authority, and this Court knows of none, suggesting that the resolution of these claims by the OCCA entitles him to relief. For that reason alone, the petition in this case shall be denied. Furthermore, as discussed below, this Court agrees with the state courts' rulings that Petitioner's due process rights were not violated.

Petitioner alleges he was denied due process during his disciplinary proceeding. To be entitled to the protections of the Due Process Clause in a prison disciplinary proceeding, a prisoner must show that the resulting disciplinary action implicates a state-created liberty interest. The Oklahoma courts have determined that Oklahoma state law creates a liberty interest in earned good time credits. See Okla. Stat. tit. 57, § 138(A); see also Waldon v. Evans, 861 P.2d 311, 313 (Okla. Crim. App. 1993) ("[T]he State has created a liberty interest in earned credits[.]").  Therefore, Oklahoma prisoners are generally entitled to minimum due process protection before their earned credits are revoked.  Mitchell v. Maynard, 80 F.3d 1433, 1445 (10th Cir. 1996).  In this case, 300 of Petitioner's earned credits were revoked.  Therefore, Petitioner was entitled to due process in his prison disciplinary hearing.

However, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  To meet the due process standard in an institutional disciplinary proceeding, an inmate must receive (1) advance written notice of the disciplinary charge; (2) an opportunity, when consistent with institutional safety and correctional goals, to present witnesses and documentary evidence; and (3) a written statement of the evidence relied on and the reasons for any disciplinary action. Superintendent, 472 U.S. at 454.  If these requirements are met, and there is "some evidence" to support the decision, then procedural due process has been provided. Id.

In this case, Petitioner first complains that he failed to receive adequate notice of the charge against him.  Specifically, Petitioner states that "he really did not understand what actions he was having to defend against, because the Offense Report does not set forth any facts, and only makes a blanket allegation that Petitioner 'did act with others to cause physical harm/injury to

4

Washington.'" See Dkt. # 1 at 5a. Petitioner claims that the notice was "not sufficiently descriptive to allow Petitioner a meaningful opportunity to marshal the facts and prepare a defense" and that it did not state whether "Petitioner and others 'beat' Washington, 'stabbed' him, 'turned him upside down until the blood rushed to his head,' or 'sang pop goes the weasel in his ear over and over until Washington, a hip-hop fan, couldn't take it any more and attempted suicide to free himself from the pain.'" See Dkt. # 9.

The Court finds that the notice given Petitioner was sufficient to comport with due process. The record demonstrates that a Misconduct Report/Offense Report was delivered to Petitioner on October 5, 2001. The Report stated that Petitioner was charged with the offense of Group Disruptive Behavior as a result of an incident that occurred in "Unit M B-side lower run" on September 23, 2001, at approximately 6:45 p.m. In addition, the Report provided that:

> On the above date and time inmate Victor Cooper 103059 did act with others to cause physical harm/injury to inmate Maurice Washington 372458 which is a felony under Oklahoma State law. This incident has been under investigation since 09-24-2001 at 8:08 a.m.

(Dkt. # 6, Ex. C, attachment B at 1). Thus, the Report served to advise Petitioner of the date, time, and location of the incident, and that inmate Washington sustained physical harm or injury as a result of the incident. The information contains sufficient factual information to allow Petitioner to prepare a defense. The Court concludes that Petitioner's claim challenging the sufficiency of the notice lacks merit.

Petitioner asserts as his second claim that the Disciplinary Hearing Officer failed to make an adequate statement of the evidence providing the basis of the finding of misconduct and subsequent disciplinary action at DCCC. Petitioner complains that the statement failed to describe with specificity the conduct upon which the charge was based, nor did the statement identify the

nature of the injuries sustained by the victim, nor did it identify Petitioner's conduct which contributed to the injuries. See Dkt. # 9.

The record reflects that Disciplinary Hearing Officer Charles Stewart completed the Disciplinary Hearing Actions form. See Dkt. # 6, Ex. C, attachment B at 12. He stated that he had reviewed confidential statements regarding the incident, id. part II, and found as follows:

> Reporting employee Steve Moles received information from a reliable confidential source stating that Cooper did act in concert with others to harm inmate Washington. Medical reports verify that Washington did suffer injuries.

Id. part III. Disciplinary Hearing Officer Stewart also wrote in his Report that Petitioner's punishment was imposed "[t]o advise offender that this type negative behavior is unacceptable." See id. part IV. The Court agrees with the OCCA that the report provided a statement of the evidence relied upon and the reasons for the disciplinary action sufficient to comport with the minimum due process requirements described in Wolff. Petitioner is not entitled to habeas corpus relief on this claim.

## *CONCLUSION*

After carefully reviewing the record in this case, the Court concludes that the Petitioner has not established that his state sentences have been administered in violation of the Constitution or laws of the United States.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the petition for a writ of habeas corpus (Dkt. # 1) is **denied**. A separate Judgment shall be entered in this matter.

**DATED** this 18th day of October, 2006.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT